**Ruth BATAITIS, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**No. C90–3059.**

United States District Court, N.D. Iowa, C.D.

July 2, 1991.

William Hoekstra, Legal Services Corp. of Iowa, Mason City, Iowa, for plaintiff.

Ana Maria Martel, Asst. U.S. Atty., Cedar Rapids, Iowa, for defendant.

## ORDER

McMANUS, District Judge.

This matter is before the court on plaintiff's application for judicial review of a final decision of the Secretary of Health and Human Services (Secretary). Briefing was completed on April 2, 1991. Affirmed.

On August 17, 1988, plaintiff was awarded supplemental security income benefits. On January 10, 1989, upon the discovery of a previously undisclosed Minnesota bank account in plaintiff's name, the Appeals Council remanded this matter back to an Administrative Law Judge (ALJ) for further consideration. On January 31, 1990, the ALJ issued a decision finding that plaintiff was not eligible to receive supplemental security income benefits due to excess resources.

It is undisputed that plaintiff had a savings account with deposits in excess of $5,400 as of June 1, 1988. Plaintiff testified that she borrowed approximately $4,000 from a Mr. Denny in 1956 to enable her to purchase a 1956 Chevrolet automobile. She further testified that she subsequently deposited $25.00 per week into this savings account so as to accumulate a fund large enough to repay Mr. Denny. She asserted that Mr. Denny disappeared (T. 59) and she saw nothing further of him until June of 1988, more than thirty years later, when he reappeared and demanded $4,300 in repayment of the loan. Plaintiff contends that she then gave Mr. Denny $4,300, has not seen him since, and has no idea where he is or how to locate him.

Plaintiff asserts that in finding her explanation as to the disposition of those funds incredible, the ALJ erred in failing to consider all the evidence. Specifically, plaintiff alleges that the ALJ failed to give proper consideration to the impact of her mental illness, and to her contention that notwithstanding the existence of her substantial savings account, she had been borrowing money from a friend to meet her ordinary needs. Additionally, plaintiff asserts that the ALJ placed undue emphasis on a discrepancy as to when she opened the savings account. Accordingly, plaintiff asserts the Secretary's decision is not supported by substantial evidence on the record as a whole.

The question before the court is whether the final decision of the Secretary is supported by substantial evidence on the record as a whole. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). 42 U.S.C. §§ 1382(a)(1)(B) and (a)(3)(B) provide that an individual is eligible for supplemental security income bene-

fits only when, in the case of a individual who has no spouse, her resources were not more than $2,000 on January 1, 1989.[1] 20 CFR § 416.1201(a)(1) provides that "If an individual has the right, authority, or power to liquidate the property, it is considered a resource." 20 CFR § 416.1246(e) provides that a transfer of a resource for less than fair market value is presumed to have been made for the purpose of establishing supplemental security income eligibility unless the individual furnishes "convincing evidence that the resource was transferred exclusively for some other reason." The burden is on the claimant to provide such evidence. *Id.* Absent such proof, the uncompensated asset value is counted toward the resource limit for a period of twenty-four months from the date of the transfer. 20 CFR § 416.1246(a).

It is the court's view that the ALJ's decision is supported by substantial evidence on the record as a whole. While plaintiff produced a receipt dated June 30, 1988 for $4,300 cash for a 1956 Chevrolet, signed by "F. Denny Denny" (T. 245), plaintiff has furnished no other documentation regarding the car, the loan, or even the existence of a Mr. Denny. Plaintiff, represented by counsel, does not contend that her mental state excuses her from the burden of producing convincing evidence as to the disposition of her excess resources. Moreover, in the court's view this case does not present a situation where, as urged by plaintiff, her mental illness renders her incapable of providing a coherent explanation as to the disposition of her excess resources. To the contrary, she appears to be reasonably consistent, coherent, and adamant in her explanation. The ALJ simply found the explanation to be implausible.

Based on the record, including the facial implausibility of plaintiff's explanation as well as the absence of substantial supporting documentation regarding the loan or the existence of a Mr. Denny, the court finds the ALJ could properly disbelieve plaintiff's assertion that a Mr. Denny lent her money, disappeared for more than thir-

ty years, and then reappeared in June of 1988 to collect on the loan. The court finds that the ALJ gave all due consideration to plaintiff's mental illness, and did not place undue emphasis on the perceived inconsistency in the date of the account's origin. Moreover, notwithstanding plaintiff's assertion that the savings account funds were to repay Mr. Denny and therefore were "unavailable" to her, it is undisputed that plaintiff had full control and dominion over the savings account, and therefore it was her resource. That she may have periodically borrowed other funds does not dictate a different conclusion.

It is therefore

ORDERED

Affirmed.

---

1. The statute provides that for the period between January 1, 1987 and January 1, 1988, the allowable amount of resources was $1,800, and $1,900 for the period between January 1, 1988 and January 1, 1989. 42 U.S.C. § 1382(a)(3)(B).